PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019
Telephone: 212-858-1000
Facsimile: 212-858-1500
John A. Pintarelli
Ari M. Berman
Patrick E. Fitzmaurice
Rahman Connelly
Ryan R. Adelsperger

*Attorneys for Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>IIG Global Trade Finance Fund Ltd. (in Official Liquidation), *et al.*,<br><br>Debtors. | Case No. 20-10132 (MEW)<br><br>Chapter 15<br><br>Jointly Administered |
| IIG Structured Trade Finance Fund Limited (in Official Liquidation),<br><br>Plaintiff,<br><br>v.<br><br>Sancor Cooperativas Unidas Limitada and Sancor do Brasil, Productos Alimenticios Ltda.<br><br>Defendants. | Adv. Pro. No. __-_____ (MEW) |

# COMPLAINT

Plaintiff IIG Structured Trade Finance Fund Ltd. (in Official Liquidation) ("Debtor" or "STFF") by and through Christopher Kennedy and Alexander Lawson, STFF's duly appointed joint official liquidators (the "Liquidators") and recognized foreign representatives, as and for its

4895-3391-2190

complaint against Defendants Sancor Cooperativas Unidas Limitada ("Sancor" or "Borrower") and Sancor do Brasil Productos Alimenticios Ltda. ("Sancor Brasil" or "Guarantor," and together with Sancor, the "Defendants"), allege as follows:

## I. INTRODUCTION

1. By this action, STFF seeks repayment of more than $61,500,000.00, consisting of $34,476,796.00 in principal amount and more than $27,024,188.53 in accrued interest, due on loans (the "Loans") that were made to Sancor and guaranteed by Sancor Brasil pursuant to a pre-export finance agreement, dated as of December 21, 2009 (as amended, modified, and supplemented from time to time, the "Loan Agreement"). The Loans matured on October 31, 2019 (the "Maturity Date") but have not been repaid.

2. The Loans were originated by non-party IIG TOF B.V. ("TOF BV") which sold participation interests in the Loans to third-parties, including STFF. By virtue of, among other things, an assignment agreement entered into as of August 14, 2023, TOF BV assigned all of its right, title and interest in and to the Loans to STFF, and STFF is therefore the 'Lender' within the meaning of the Loan Agreement. STFF brings this action with the approval of each of the other participants who hold economic interests in the Loans. Those parties, and their respective economic interests in the Loans as of August 31, 2023, are as follows:

| Claimant | Principal | Accrued Interest | Total |
| --- | --- | --- | --- |
| STFF | $18,026,246.70 | $14,128,245.76 | $32,154,492.46 |
| TriLinc Global Impact Fund ("TriLinc") | $5,802,295.75 | $4,548,170.93 | $10,350,466.68 |
| IIG Bank (Malta) Ltd. ("Malta Bank") | $1,927,329.24 | $1,510,652.14 | $3,437,981.38 |
| Venezuela Recovery Fund ("VRF") | $916,739.00 | $718,843.41 | $1,635,582.41 |

| | | | |
|---|---|---|---|
| Girobank N.V. and Girobank International, N.V. (collectively, "Girobank") | $2,550,000.00 | $1,999,789.95 | $4,549,789.95 |
| TOF BV | $5,254,185.31 | $ 4,118,486.33 | $9,372,671.64 |
| **Totals** | **$34,476,796.00** | **$27,024,188.53** | **$61,500,984.53** |

3. As of August 31, 2023, the aggregate amount owed on the Loans is $61,500,984.53, plus the costs and expenses the Lender has incurred in connection with collecting on the Loans after Defendants' default under the Loan Agreement (all such sums due under the Loan Agreement, the "Indebtedness"). Interest continues to accrue on the principal amount of the Loans at the default rate of 17.775% per annum.

**II.    JURISDICTION AND VENUE**

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper in this district pursuant to 28 U.S.C. §1410(a)(1).

5. The Loan Agreement is governed by New York law, and Defendants have consented to the jurisdiction of all United States Courts located in the Southern District of New York. Sancor also designated a New York bank account to receive disbursements under the Loan Agreement, agreed to pay interest and principal as they came due into a New York bank account, and irrevocably appointed its Miami-based affiliate, Sancor Dairy Corporation, 80 SW 8th Street, Suite 2000, Miami, Florida 33130-3003, as its agent for service of process. Sancor Brasil agreed in the Loan Agreement that for purposes of its guaranty of the Loans, it had established a special domicile at 80 SW 8th Street, Suite 2000, Miami, Florida 33130-3303.

6. This is a core proceeding under 28 U.S.C. 157(b)(2) and the Court may enter a final order or judgment in this matter. STFF consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

### III. THE PARTIES

7. Plaintiff STFF is an exempted limited liability company incorporated under the laws of the Cayman Islands that is in official liquidation before the Grand Court of the Cayman Islands (the "Grand Court"). The Liquidators were appointed by the Grand Court to oversee the Debtor's liquidation proceedings and are the recognized foreign representatives in the Debtor's Chapter 15 case pending in this Court.

8. Defendant Sancor is a cooperative organized and existing under the laws of the Republic of Argentina with an address of Tacuarí 202, Piso 14, Buenos Aires, Republic of Argentina. In the Loan Agreement, Sancor irrevocably appointed Sancor Dairy Corporation, 80 SW 8th Street, Suite 2000, Miami, Florida 33130-3003, as its agent for service of process. Sancor is one of the leading dairy producers in Argentina, selling its products under various brand names.

9. Defendant Sancor Brasil is a corporation organized and existing under the laws of the Federative Republic of Brazil with an address of 933 Alameda Araguaia, Sala 91/92, Alphaville – CEP 06455-000, Sao Paulo, Brazil.

### IV. RELEVANT NON-PARTIES

10. Non-party TOF BV is a Dutch company with its corporate seat in Amsterdam, the Netherlands. On or about January 21, 2020, TOF BV was adjudicated bankrupt by the District Court of Amsterdam and the presiding judge, Justice Anna Elizabeth de Vos, appointed Mr. J.E.P.A van Hooff, as bankruptcy trustee.

11. Non-party Malta Bank is a company organized under the laws of the Republic of Malta. TOF BV, as originator, IIG Capital LLC, as agent for originator, and Malta Bank, as participant, entered into that certain Master Participation Agreement, dated as of September 13,

2012 (as amended from time to time the "Malta Bank MPA"). The Malta Bank MPA is governed by New York law. Pursuant to the Malta Bank MPA, Malta Bank acquired an interest in the Loans.

12.     Non-party TriLinc is a company organized in the Cayman Islands. TOF BV, as originator, IIG Capital LLC, as agent for originator and as servicer, International Investment Group, L.L.C., as participant sub-advisor, and TriLinc, as participant, entered into that certain Master Participation Agreement, dated as of June 4, 2013 (the "TriLinc MPA"). The TriLinc MPA is governed by New York law. Pursuant to the TriLinc MPA, TriLinc acquired an interest in the Loans.

13.     Non-party Girobank N.V. is a limited liability company organized under the laws of Curaçao. Its registered office is located at Scharlooweg 35, Willemstad, Curaçao. It is supervised by the Central Bank of Curaçao and Sint Maarten. On information and belief, in or around September 2010, Girobank entered into a master participation agreement with TOF BV (the "Girobank MPA") pursuant to which it agreed to consider purchasing participation interests in trade finance loans that TOF BV originated from time to time. Pursuant to the Girobank MPA, Girobank acquired an interest in the Loans.

14.     Non-party Girobank International N.V. is an indirect, wholly-owned subsidiary of Girobank N.V., organized under the laws of Curaçao, and maintains the same registered office as Girobank N.V.

15.     Non-party VRF is a limited liability company organized under the laws of Curaçao. VRF's principal place of business is Pos Cabai Office Park, Unit 5, Willemstad, Curaçao. VRF acquired an interest in the Loans from TOF BV.

16.     Non-party Trade Finance Trust ("TFT") is a Delaware Statutory Trust having its

registered office at Deutsche Bank Trust Company Delaware, 1101 Centre Road, Suite 200, Wilmington, Delaware. TFT held the legal interest in, and sold participations to, various trade finance loans to, *inter alia*, STFF pursuant to that certain Master Participation Agreement, dated as of June 30, 2017 (as amended from time to time, the "STFF MPA"). The STFF MPA is governed by New York law.

17.    Non-party Trade Finance Funding I, B.V. ("TFFI BV") is a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*), incorporated under the laws of the Netherlands and established in Amsterdam, the Netherlands.

18.    Non-party Trade Finance Funding I, Ltd. ("TFFI Ltd.") was an exempted company incorporated with limited liability under the laws of the Cayman Islands. It was organized as a collateral loan obligation vehicle.

## V.    THE LOAN AGREEMENT

19.    On or about December 21, 2009, Borrower, Guarantor and TOF BV entered into a pre-export finance credit facility agreement (defined above as the Loan Agreement),[1] which provided Borrower with an uncommitted line of credit of up to $50,000,000.00. Under the terms of the Loan Agreement, Guarantor assumed joint and several liability for repayment of all outstanding amounts.

20.    Under the Loan Agreement, Borrower could request new drawdowns from time to time by sending a request to TOF BV, as lender, together with (a) a proposed promissory note duly signed by legal representatives of Borrower and Guarantor, and (b) warrants, in an amount determined by the lender, granting the lender a security interest in specified Sancor produce, including cheese. As security for the funds advanced under the Loan Agreement, Borrower also

---

[1] Capitalized terms not defined in this Complaint shall have the meaning given to them in the Loan Agreement.

pledged certain real estate assets, including a mortgage on its headquarter offices, and certain trademarks. The warrants and pledges are governed by Argentinian law.

21. Additionally, Borrower assigned certain "Assigned Credits" to TOF BV, which consisted of certain receivables generated by Borrower from sales to certain of its trade partners, including Fonterra Limited, which is a New Zealand company, Bariven S.A., c/o PDVSA Services Inc., which is a Texas corporation, and Arthur Schuman, which is a New Jersey corporation, and each of their respective affiliates and subsidiaries (collectively, the "Assigned Debtors"). Borrower represented that it had notified each of the Assigned Debtors of the assignments of the Assigned Credits and had instructed them to make requisite payments directly to the Lender's account.

VI. ASSIGNMENT OF THE LOAN AGREEMENT TO TFT

22. The Loan Agreement, as amended in 2010, entitled TOF BV, as lender, to "assign or otherwise transfer the rights arising from the [Loan Agreement] to any of its affiliates and/or subsidiaries . . . by any of the means provided by Law, an assignee acquiring the assigned benefits and/or rights and/or actions to which the [lender] is entitled under the above-mentioned [Loan Agreement]." The 2010 amendment further provided that in the event of an assignment or transfer, "the [lender] shall give notice by true means of any new payment terms and conditions . . . ."

23. Additionally, on November 13, 2013, a representative of TOF BV emailed Sancor asking it to authorize TOF BV to "assign the loan agreement and/or the rights and obligations arising thereof, in whole or in part, endorse promissory notes and/or any other document executed in connection with the loan agreement, to [TFFI BV] or any affiliates or subsidiaries of [TOF BV]." Sancor promptly responded with an indication of its consent.

24. In accordance with the provisions of the 2010 amendment and Sancor's express authorization, on November 13, 2013, TOF BV and TFFI BV entered into the Purchase and Sale Agreement (the "TOF BV Sale Agreement") pursuant to which TOF BV sold to TFFI BV (at par value) all of its right, title and interest in, to and under, certain Loans to Sancor in the amount of $25,420,751.00 ($24,286,840.00 in principal and $1,133,911.00 in accrued interest) (the "Sancor Conveyed Assets").

25. The TOF BV Sale Agreement provides that TOF BV, as seller, and TFFI BV, as purchaser, intend and agree that: (a) the transfer of the Sancor Conveyed Assets is intended to be an absolute sale, conveyance and transfer of ownership of the Conveyed Assets, and (b) such Sancor Conveyed Assets shall not be part of the TOF BV's estate in the event of a filing of a bankruptcy petition or other action by or against any person under any insolvency law. The TOF BV Sale Agreement also provided that TOF BV was "not selling and is retaining all rights, title and interest in and to the underlying agreements, instruments and documents to the extent that they do not relate to the [Sancor Conveyed Assets]."

26. Immediately after the TOF BV Sale Agreement became effective, TFFI BV and TFFI Ltd. entered into that certain Participation Agreement, dated November 13, 2013 (the "CLO Sale Agreement"), pursuant to which TFFI BV: (a) sold to TFFI Ltd. (at par value) a 100% undivided participation interest in, among other things, the Sancor Conveyed Assets, free

8

and clear of any third-party participation interests, and (b) appointed TFFI Ltd. as its true and lawful attorney-in-fact (with full power of substitution) to make all necessary transfers of the Sancor Conveyed Assets in connection with any purchase or sale thereof and to exercise all lender rights and powers with respect to the Sancor Conveyed Assets (the "POA Asset").

27. Following consummation of the CLO Sale Agreement, TriLinc and Malta Bank acquired participation interests in certain Loans to Sancor that had not been assigned to TFFI BV. On or around April 25 and April 27, 2016, TriLinc purchased a total of $6,000,000.00 in participation interests in loans to Sancor pursuant to the TriLinc MPA. Additionally, on or around July 29, 2016, Malta Bank purchased a total of $1,993,000.00 in participation interests in loans to Sancor pursuant to the Malta Bank MPA. As of August 31, 2023, TriLinc and Malta Bank have economic interests in the following amounts:

| Participant | Principal | Accrued Interest |
| --- | --- | --- |
| TriLinc | $5,802,295.75 | $4,548,170.93 |
| Malta Bank | $1,927,329.24 | $1,510,652.14 |

28. VRF and Girobank also acquired participation interests in certain Loans to Sancor that had not been participated to TFFI Ltd., and TOF BV retained both an economic interest and legal ownership in certain Sancor Loans that had not been participated to any third parties. As of August 31, 2023, VRF, Girobank, and TOF BV have economic interests in the following amounts:

| Participant | Principal | Accrued Interest |
| --- | --- | --- |
| VRF | $916,739.00 | $718,843.41 |
| Girobank | $2,550,000.00 | $1,999,789.95 |
| TOF BV | $5,254,185.31 | $4,118,486.33 |

4895-3391-2190

29. Between June and August of 2017, TFFI Ltd. entered into a series of purchase and sale agreements pursuant to which it assigned and sold various positions in its loan portfolio to TFT, including all its right, title and interest in and to Loans to Sancor in the amount of $19,050,079.00 (including $18,668,647.00 of principal and $381,432.00 of accrued interest). As relates to the Loans, TFT also acquired the POA Asset and all other rights to take enforcement actions against the Borrower and Guarantor. Specifically, pursuant to the purchase and sale agreements, TFFI Ltd. sold TFT all of its right, title and interest in, to and under various "Collateral Obligations," including the Loans. The term "Collateral Obligations" was defined as follows:

> Loans to borrowers, together with: (a) all loan receivables, payments and other sums due and to become due with respect thereto or thereunder, (ii) all collateral security therefor and all guarantees thereof, (ii) all agreements, instruments and documents executed in connection with and relating to the loans, including, without limitation, all loan agreements, promissory notes, security agreements, guaranties, pledge agreements, financing statements, control agreements and warrant agreements and other Required Loan Documents, in each case, to the extent relating to the loans, (iv) all rights and remedies with respect to the loans and under the aforesaid agreements, instruments and documents relating to the loans, and (v) all instruments, general intangibles (including all payment intangibles) and chattel paper relating to the loans.

30. The purchase and sale agreements each provided that the parties "intend and agree that . . . the transfer of the [Collateral Obligations] by [TFFI Ltd.] to [TFT] . . . is, in each and every case, intended to be an absolute sale, conveyance and transfer of ownership of the applicable [Collateral Obligation], free and clear of any lien, security interest, charge or encumbrance other . . . providing [TFT] with the full risks and benefits of ownership."

31. Following consummation of the sale to TFT, a lender representative emailed Defendants to instruct them to make all future payments to a TFT collection account named "Trade Finance Trust-Sancor Cooperativas Unidas Ltda" and maintained at Bank Leumi. The

4895-3391-2190

email satisfied the provisions of the 2010 amendment to the Loan Agreement, which required TOF BV to notify Defendants of any new payment terms following a sale or assignment.

32. In order to fund its acquisition of the Sancor assets from TFFI Ltd., TFT sold a participation interest to STFF pursuant to the STFF MPA for the full principal amount of the Sancor Loans that it acquired, or $18,668,647.00. Thereafter, on June 14, 2018, STFF invested an additional $645,848.38 in participation interests in Sancor Loans pursuant to the STFF MPA. As of August 31, 2023, STFF has an economic interest in $18,026,246.70 in principal amount and $14,128,245.76 in accrued interest under the outstanding Sancor Loans.

### VII. THE RESTRUCTURING AMENDMENT

33. Following the sale to TFT, Defendants executed another amendment to the Loan Agreement on April 24, 2019 (defined above as the Restructuring Amendment). Defendants agreed to make all future principal and interest payments to a collection account for the Loans that was maintained at Bank Leumi and was identified as belonging to TFT. Defendants also agreed to notify the Assigned Debtors that all future payments made on account of the Assigned Credits must be made to the same TFT bank account. TFT was accordingly an intended third-party beneficiary of the Restructuring Amendment.

34. Pursuant to the Restructuring Amendment, Defendants acknowledged and agreed that as of April 24, 2019, the outstanding principal amount of the Loans was $34,476,796.00 (the "Restructured Facility Amount") and that accrued interest of $1,219,927.93 due on January 20, 2019 (the "January 2019 Interest") had not been paid. Sancor Brasil also ratified and reaffirmed its guaranty.

35. Sancor agreed to pay the January 2019 Interest by the giving of certain credits for sales, as listed on Annex 3.1 to the Restructuring Amendment, and all rights relating thereto.

Sancor also agreed to make three interest payments: a $1,267,736.58 interest payment on April 30, 2019, a $1,142,206.55 interest payment on July 31, 2019, and a $1,142,206.55 interest payment on October 31, 2019. Sancor further agreed that any and all other interest would accrue at a non-default rate of 11.85% and at a default rate of 17.775%. Finally, Sancor agreed to repay the $34,476,796.00 Restructured Facility Amount by October 31, 2019. Sancor Brasil agreed to guarantee all of these payments.

36. Following execution of the Restructuring Amendment, in the second quarter of 2019, the January 2019 Interest amount was paid into a TFT collection account maintained at Bank Leumi. Defendants have not made any additional payments on the Loans.

37. The Loans matured on October 31, 2019. From and after the Maturity Date, interest on the Loans has been accruing at the default interest rate of 17.775% per annum. As of August 31, 2023, the amount due in connection with the Loans totaled at least $62,541,947.63, consisting of unpaid principal of $34,476,796.00 and accrued and unpaid interest of $28,065,151.63, plus costs and expenses, including attorneys' fees, incurred by STFF.

## VIII. TFT ASSIGNS ITS RIGHTS IN THE SANCOR LOANS TO STFF

38. STFF was established to invest in trade finance loans. Due in part to STFF's acquisition of loans from TFT that were in default and/or of loans to borrowers that were in financial distress like Sancor, STFF is currently in a liquidation proceeding pending before the Grand Court. On June 19, 2020, this Court recognized STFF's Cayman liquidation as a foreign main proceeding pursuant to chapter 15 of the Bankruptcy Code.

39. On October 8, 2020, this Court entered an order authorizing Plaintiff STFF to enter into that certain Assignment Agreement, dated as of October 8, 2020 (the "Assignment Agreement"), pursuant to which TFT agreed to assign the POA Asset and all of TFT's right,

title, and interest in and to certain outstanding Loans to STFF, but subject to the rights of TOF BV, as lender, and any third parties that had acquired participation interests in the Loans from TOF BV. The purpose of the Assignment Agreement was to effectuate an elevation of STFF, and to unite its economic interest in the Loans with the legal interest held by TFT. As a result of, and pursuant to, the Assignment Agreement, STFF acquired all of TFT's rights to enforce the Loans against Defendants.

IX.    **STFF ATTEMPTS TO NEGOTIATE A CONSENSUAL RESOLUTION**

40.    Shortly after entering into the Assignment Agreement, the Liquidators, on behalf of STFF, together with third-parties Trilinc and Malta Bank, engaged with Sancor regarding repayment of the Loans. During the course of those discussions, on May 24, 2021, Sancor signed a letter in which it acknowledged that it "was duly notified by STFF" of the Assignment Agreement, that "STFF holds all right, title and interest in and to its proportionate share of the Loan," that "of the outstanding principal amount due under the Loans from Sancor (US$34,476,796), $18,853,396.70 is now directly owned by STFF," that "Trilinc is entitled to collect a principal balance of $5,802,295.75," and that "Malta Bank is entitled to collect a principal [balance] of [$]1,927,329.24."

41.    Unfortunately, however, no progress has been made on a substantive resolution as Sancor declined to engage in any meaningful discussions, despite acknowledging the debt due. Between October 2021 and July 2022, STFF and the other parties engaged in extensive discussions with Sancor regarding repayment of the Loans; during the course of those discussions Sancor acknowledged in an email that it agreed "with the amount of principal owed although we have a difference with the amount of interest. Notwithstanding this, we will work on the preparation of the debt restructuring plan." A copy of this email is attached as Exhibit A.

13

Unfortunately, the parties' efforts to reach a business resolution of the debt owed by Defendants were unsuccessful.

42. To make matters worse, in March 2022, STFF was informed that Sancor had been selling collateral to third party purchasers and misappropriating the proceeds. Finally, on July 15, 2022, Sancor wrote a letter to STFF in which it purported to retract the acknowledgements made in its May 24, 2021 letter. In that letter, Sancor asserted: "… we are forced to reject and deny that there is any acknowledgment by Sancor of your credit[2]."

### X.    TOF BV ASSIGNS ITS RESIDUAL INTEREST IN THE LOANS TO STFF

43. By Assignment Agreement entered into as of August 14, 2023 (the "<u>TOF BV Assignment</u>") TOF BV assigned to STFF, as relates to the Loans "(i) all of [TOF BV's] right, title, and interest in, to an under the [Loan Agreement], any amendments thereto, and all other related financing documents, including all collateral and security documents and any related pledge agreements [] and (ii) all legal and equitable rights and claims related to the foregoing."

44. By letter dated August 18, 2023, TOF BV gave Defendants notice of the TOF BV Assignment and instructed Defendants to direct all correspondence, including repayment of the Loans, to STFF.

45. By letter dated August 22, 2023, Christopher Kennedy, one of the Liquidators, wrote to Sancor on STFF's behalf and demanded repayment of the Loans. As of the filing of this complaint, no response to Mr. Kennedy's letter has been received.

---

[2] Sancor's response was made in Spanish and has been translated by STFF. The original text is as follows: "… nos vemos obligados a negar y rechazar que exista reconocimiento alguno por parte de SanCor Cooperativas Unidas Limitada de vuestra acreencia."

4895-3391-2190

## COUNT I
### (as to Borrower)

**BREACH OF CONTRACT – FAILURE TO REPAY LOAN**

46. STFF repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

47. The Loan Agreement is a valid and enforceable contract between the parties.

48. Pursuant to the Loan Agreement, the Lender advanced to Borrower $34,476,796.00, which Borrower promised to repay in accordance with the terms of the Loan Agreement. The Lender has performed its obligations under the Loan Agreement.

49. Borrower's indebtedness to the Lender is evidenced by the Restructuring Amendment and related promissory notes, pursuant to which Borrower agreed to repay the borrowed sums on the Maturity Date, plus interest at a non-default rate of 11.85% per annum and at a default rate of 17.775% per annum.

50. The Loans matured October 31, 2019. As a result, all sums due and owing by Borrower under the Loan Agreement were due and payable as of that date. As of the date hereof, Borrower has not paid the outstanding sums owed under the Loan Agreement.

51. Borrower's failure to repay the Loans on the Maturity Date triggered an Event of Default under the Loan Agreement. As a result of Borrower's breaches of the Loan Agreement, STFF has been damaged in an amount to be determined at trial, but in no event less than the amount of the Indebtedness, plus pre-judgment interest at the default rate, and all costs and expenses, including attorneys' fees, it has incurred.

## COUNT II
### (as to Guarantor)

**BREACH OF CONTRACT – FAILURE TO REPAY GUARANTEE**

52. STFF repeats and realleges each and every allegation contained in the preceding

paragraphs as if fully set forth herein.

53. The Loan Agreement is a valid and enforceable contract between the parties.

54. Pursuant to the Loan Agreement, Guarantor agreed to be jointly and severally liable for Borrower's payment obligations. Guarantor reaffirmed its guaranty obligation on several occasions, including most recently, in connection with the Restructuring Amendment. The guarantee provided by Guarantor is a guarantee of payment, not of collection.

55. Guarantor's failure to repay the Loans on the Maturity Date is an Event of Default under the Loan Agreement. As a result of Guarantor's breaches of the Loan Agreement, STFF has been damaged in an amount to be determined at trial, but in no event less than the amount of the Indebtedness, plus pre-judgment interest and all costs and expenses, including attorneys' fees, it has incurred.

WHEREFORE, STFF respectfully requests that the Court enter judgment:

a. On Count I against Borrower, damages in an amount to be determined at trial but believed to be not less than the Indebtedness, plus pre- and post-judgment interest;

b. On Count II against Guarantor, damages in an amount to be determined at trial but believed to be not less than the Indebtedness, plus pre- and post-judgment interest;

c. Pursuant to Section 10.3(c) of the Loan Agreement, the fees, costs and expenses, including reasonable attorneys' fees, incurred by STFF relating to Defendants' default under the Loan Agreement including, without limitation, STFF's costs, expenses and reasonable attorneys' fees relating to this action; and

    d.  Awarding STFF such other and further relief as the Court deems just and proper.

| | |
|---|---|
| DATED: September 8, 2023<br>   New York, NY | Respectfully submitted,<br><br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br><br>By: /s/ *John A. Pintarelli*_____<br>  John A. Pintarelli<br>  Ari M. Berman<br>  Patrick E. Fitzmaurice<br>  Rahman Connelly<br>  Ryan R. Adelsperger<br>  31 West 52nd Street<br>  New York, NY 10019-6131<br>  Phone: 212.858.1000<br>  Fax: 212.858.1500<br>  john.pintarelli@pillsburylaw.com<br>  ari.berman@pillsburylaw.com<br>  patrick.fitzmaurice@pillsburylaw.com<br>  rahman.connelly@pillsburylaw.com<br>  ryan.adelsperger@pillsburylaw.com<br><br>*Attorneys for Plaintiff* |

4895-3391-2190